ment is final. 1 Chitt. Pl. 464; *Comm.* v. *Barge,* 3 Penn. Rep. 264. The rule is otherwise upon an issue of law on the plea, or in case of a felony. 1 Arch. Cr. Pl. by Waterman, 116.

The judgment is affirmed.

JOHN D. JAMES *vs.* JOSEPH J. B. KIRK.

The statute of Louisiana provides that acts of sale may be legally made by being registered in the office of a notary who is made the depository of them. Civ. Co. Art. 2242–2247. And such an act is treated as a record. Ib. 2250. *Held,* that the second section of the act of congress of March 27, 1804, enumerates "public acts, records, office books," &c., in the public offices of the several States; and the copy offered in this case is embraced in that act.

The statutes of Louisiana (Civ. Co. Art. 2505, and the Act of 1834) provide that the habit of running away shall be considered a redhibitory vice in slaves sold there, and the buyer of a slave who institutes a redhibitory action on the ground that such slave is a runaway or thief, shall not be bound to prove that such vice existed before the date of the sale whenever such vice shall have been discovered within two months after the sale,— " provided, however, that when unusual punishments have been inflicted, this legal presumption in favor of the buyer shall cease, and if any redhibitory, bodily, or mental maladies discover themselves within fifteen days after the date, it shall be presumed to have existed on the day thereof, any law to the contrary notwithstanding, and that this act shall not apply to slaves who have been more than eight months in this State."

In case of a slave introduced into Louisiana for that purpose and sold, it is sufficient to establish the vice of running away, provided against in the statute of that State, if it be proved that the slave ran away from the purchaser within sixty days after the sale, and such evidence is proof of the existence of the redhibitory vice at the time of the sale, unless it be shown, that unusual punishment had been inflicted to induce such running away: *Held,* that the stipulation against such vice may be regarded as equivalent to a warranty that the slave would not run away within sixty days.

IN error from the circuit court of Adams county; Hon. Stanhope Posey, judge.

This was a suit brought by Kirk, the defendant in error, to recover of James the value of a negro slave sold by James,

James *v.* Kirk.

through his agent, S. H. Davis, to said Kirk in Louisiana, warranted free from the redhibitory vices provided for by the law of Louisiana. The vice complained of was that of a runaway.

The proof in this case fully established the vice of being a runaway. By the act of 1834 of the legislature of Louisiana, if the vice of a runaway or thief exhibits itself within two months after the sale, it is made sufficient evidence of the existence of the vice before the date of the sale, provided it is not made to appear that unusual punishment has been inflicted, or that the negro has been more than eight months within the State.

The plaintiff proved the vice made its appearance on the third or fourth day after the sale; that the boy Simon ran off the third or fourth day after the sale and was caught two days after, and again he ran off about the 1st of March, 1849, and was never heard of afterwards, except that a boy answering his description was drowned from a skiff in Plaquemine bayou.

The plaintiff further proves by these witnesses that the boy had received no unusual punishment, and it was further in proof that the boy Simon had not been in Louisiana eight months before the sale.

The jury found a verdict for the plaintiff Kirk, and James prayed this writ of error.

*R. North*, for appellant.

1. The second, third, and fourth instructions given at the request of the plaintiff below, are predicated upon a rule of evidence of the State of Lousiana, not known to the law of this State. Rules of evidence belong to the course of procedure for remedies, and are to be exclusively collected from the *lex fori.* Story, Confl. of Laws, sec. 634 note, 635 c.; 3 Greenl. Ev., sec. 28; *Huber* v. *Striner*, 2 Bing. N. C. 202.

The rules of evidence of one State of the Union have no force in another. The validity and meaning of contracts only are to be ascertained by the *lex loci contractus.* In a suit for remedy of a breach, the mode of trying and determining the facts in controversy and the remedy must be according to the *lex fori.*

The suit is for damages for breach of warranty against the vice of running away. Such a vice must in point of fact be

intrinsically of the same character and of the same consequences everywhere. The fact to be ascertained by the jury must in every forum be whether the slave at the date of sale and warranty had the vice of running away. In this case the proof was full, direct, and conclusive that he had not. But it is in evidence that after the sale he for some cause absented himself and was lost by casualty; and by an arbitrary rule of evidence of another State, the jury were instructed to take this fact as a conclusive presumption of the existence of the vice at a former day, against positive and abundant testimony to the contrary.

For illustration, suppose that by the laws of Louisiana negro slaves are competent witnesses to prove the vice in a companion. Will it be contended that when the remedy is sought in our courts, like instruments of evidence will be admitted? Again, let us suppose that one of the redhibitory vices warranted against was a habit of drinking; that by the law of Louisiana if a slave get drunk in sixty days after sale, this shall be conclusive evidence of the existence of the vice at the date of sale; that on a trial in this State in an action for breach of warranty, it is proved that the slave, by reason perhaps of new influences, was intoxicated within sixty days after sale; and, on the other hand, it is proved, that at the date of sale he had never known intoxicating liquors. Would it not be too much to require a jury to disregard our own rules of evidence, and in obedience to an innovation of a foreign State having no foundation in reason or natural law and repugnant to common sense, to find that which is proved to them to be false, true, and that proved to be true, false? The proposition, too, is insensible; and in fact substitutes for the real contract a different engagement, namely, that the slave will not after the sale contract the vice in question.

2. The copy of the act or deed of sale was improperly admitted as evidence. Without proof of the execution according to our own rules of evidence, such copies are not evidence. At common law, production of the original instrument and proof of its execution, or, in case of loss or of its being in the custody of the opposite party, certain secondary evidence of execution is necessary. Our statutes make certain certified copies evi-

James *v.* Kirk.

dence. But neither at common law, nor by statute, was the copy of the notary in this case admissible. That it was admissible in the courts of Louisiana is immaterial. The act of congress prescribing the mode of authenticating foreign acts and · records is limited to copies of records, and does not embrace copies purporting to be of original instruments of writing. See. authorities above cited.

*J. Winchester*, for appellee.

The notarial act was properly admitted as evidence. Civ. C. of La. Art. 2231. Copies are also evidence. Ib. Art. 2247; . Story's Confl. L.

In Louisiana, a power executed by the agent in his own name will bind his principal, when he acts in the business intrusted to him. *Hopkins* v. *La Conture*, 4 La. R. 64; *Hyde* v. *Wolf*, 4 La. R. 234; Story on Agency, p. 152, note.

The defendant James was bound by the act. Story's Agency.

Mr. Justice HANDY delivered the opinion of the court.

This was an action of assumpsit in the circuit court of Adams county, brought by the defendant in error against the plaintiff in error, to recover the value of a slave sold in the State of Louisiana by the plaintiff in error to the defendant, with warranty against the redhibitory vices provided for by the law of that State, alleging that the slave ran away from the vendee within sixty days after the sale, and afterwards ran away and was lost to him, whereby the vendor became liable to the vendee upon his warranty under the laws of Louisiana.

The verdict and judgment in the court below were in favor of the plaintiff, and the defendant brings the case here.

The first objection raised in behalf of the plaintiff in error is, that the court improperly admitted in evidence a copy of the act of sale of the slave made by the plaintiff in error before a notary-public in Louisiana, the original remaining in the office of the notary. The authentication of the copy is not objected to; but it is insisted that the document is not embraced in the act of congress of March 27th, 1804, and that the copy is not admissible evidence under our laws, but that the original instru-

ment should have been produced and proved according to the common law rule of evidence.

By the statutes of Louisiana, acts of sale may be legally made by being registered in the office of a notary who is made the depositary of them.    Civil Code, Art. 2242, 2247; and such act is treated as a record; Ib. Art. 2250.    The second section of the act of congress above mentioned, enumerates " public acts, records, office books," &c., in the public offices of the several States; and we think it clear that the copy offered in this case is embraced in the provisions of that act, and was properly admitted in evidence.

The next objection insisted upon is to the second, third, and fourth instructions given by the court at the instance of the plaintiff.    The rule declared by these instructions is in substance, that in case of a sale in the State of Louisiana of a slave introduced there for sale, it is sufficient to establish the vice of running away provided against by the statute of that State, if it be proved that the slave ran away from the purchaser within sixty days after the sale, and such evidence is proof of the existence of the redhibitory vice at the time of the sale, unless it be shown that unusual punishment had been inflicted to induce such running away.

It was proved in behalf of the plaintiff, on the trial, that the slave ran away from him within a few days after the purchase, and was shortly afterwards brought back, and that he again ran away about fifteen months after the purchase, and has never been found or recovered by the plaintiff; that he had received no unusual punishment whilst in the plaintiff's possession and before running away, and had been in Mississippi where he had been previously sold by the defendant within eight months before the sale to the plaintiff, and consequently had not been more than eight months in Louisiana at the time of the sale to the plaintiff.

The statutes of Louisiana provide, that the habit of running away shall be considered a redhibitory vice in slaves sold there. Civil Code, Art. 2505.    And by the act of 1834, it is enacted, " that the buyer of a slave who institutes a redhibitory action on the ground that such slave is a runaway or thief, shall not

James *v.* Kirk.

be bound to prove that such vice existed before the date of the sale, whenever such vice shall have been discovered within two months after the sale, and no renunciation of this provision shall be valid,— provided, " however, that when unusual punishments have been inflicted, this legal presumption in favor of the buyer shall cease; and provided, also, that if any redhibitory, bodily, or mental maladies discover themselves within fifteen days after the sale, it shall be presumed to have existed on the day thereof, any law to the contrary notwithstanding; and provided, also, that the provisions of this section shall not apply to slaves who have been more than eight months in this State."

It is insisted in behalf of the plaintiff in error that the provision of this statute making the fact of the slave running away within two months after the sale, evidence of the existence of such vicious habit before the sale, is a mere rule of evidence, and prevailing in Louisiana as a part of the *lex fori*, but which cannot be enforced here; and therefore that the court erred in giving the instructions above stated.

We do not think this position tenable under the circumstances of this case.

By the act of sale executed by the vendor to the vendee, the former stipulated, that "if the slave within sixty days should prove subject to any of the redhibitory vices prescribed by law, he would refund the amount of the value of the slave." Whatever doubt might exist as to whether the provision of the statute became a part of the contract between the parties, and entitled the purchaser to the benefit of it as a part of the law regulating the contract, it is clear that an express stipulation was made by which the provisions of the statute were made a part of the contract. That stipulation has express reference to the statutory provision, and is susceptible of no other interpretation than that the vendor agreed that he would be bound by the rule of evidence prescribed by the statute. It cannot be successfully controverted that a party may, in making a contract, agree to a certain description of evidence as sufficient to establish his liability upon the contract; and when that evidence is adduced, he will not be heard to say that, by the general rules of law, it was incompetent evidence. The reply would be, that

it was the kind of proof to which he had bound himself to submit, and when the adverse party had come prepared with it, it was not for him to gainsay its sufficiency.

In this case, the stipulation may be regarded as equivalent to a warranty that the slave would not run away within sixty days; and it would scarcely be pretended, that considered in that light, if the slave had run away within the time specified, it would not have been proper to show it in an action upon the warranty.

The judgment is affirmed.